## VON REYNIGOM *vs.* REVALK.

*Fourth Judicial District Court, May, 1857.*

### HOMESTEAD—PRIORITY OF MORTGAGE.

After death of wife without issue, husband inherits wife's interest in homestead by right of survivorship.

A mortgage executed by the husband alone on homestead property and recorded during life time of wife, takes priority of a mortgage executed on same property by husband and wife, but not recorded until after her death.

On the 7th day of September, 1844, John Revalk married, and

from that day forward resided with his wife upon property previously owned by Revalk in the city of San Francisco. On the 11th day of December, 1854, Revalk *alone* executed a mortgage on the premises to defendants, Charles W. Kraimer and John Eisenhardt for $4000, which mortgage was immediately recorded. Subsequently, on the 9th day of July 1856, *Revalk and wife* executed a mortgage to plaintiff for $1000. On the 10th day of December, 1856, Revalk's wife died, leaving no issue, and on the 11th day of December, 1856, plaintiff's mortgage was put upon record.

This action was brought in the month of March, 1857, by plaintiff, to foreclose his mortgage as against defendant Revalk, the mortgagor, and Kraimer and Eisenhardt, mortgagees, claiming a prior lien to plaintiff's mortgage on premises. Default having been entered as against defendant Revalk, the contest came up as between plaintiff and defendants Kraimer and Eisenhardt, on the score of priority.

A Jury being waived, the cause was tried by the Court.

Plaintiff relied upon the following points:

That on the 11th day of December, 1854, the property in question being the *homestead* of Revalk and wife, the mortgage executed on that day by Revalk without the signature and acknowledgment of his wife, was *absolutely void.* That from the death of Revalk's wife defendant's mortgage gained no additional validity, but must stand or fall as of the date of its execution, and that plaintiff held the only instrument that could by action of the law become a lien upon the premises.

*Pixley & Smith,* for plaintiff.

*Sidney V. Smith,* for defendant.

HAGER, J.—This is a controversy between the creditors of John Revalk as to priority of mortgage on certain premises in the city of San Francisco. There is no doubt but that the property in question was the homestead of Revalk and wife from the 7th day of September, 1854, to the 10th day of December, 1856, upon which day the death of Mrs. Revalk by rule of survivorship, vested the entire estate in her husband, and defendant's mortgage being already upon record, must of necessity take priority to plaintiff's mortgage which did not

become matter of record until the 11th of December, (one day after Mrs. Revalk's death.) Had plaintiff's mortgage been placed upon the records before Mrs. Revalk's death, his rights might have been thus preserved, but this neglect on his part forfeits in my opinion, whatever advantages he may have acquired by virtue of the wife's signature; and applying the statute as to conveyances and its requirements to this case, I find that defendants Kraimer and Eisenhardt hold the first mortgage and are entitled to have their lien first satisfied out of the proceeds of the mortgaged premises.